# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## NO. 22-1673
_____

### TERRY PROCTOR,
**Appellant,**

**v.**

### CARLOS DEL TORO, Secretary,
### United States Department of the Navy
### Appellee.

*Appeal from the United States District Court for the District of Maryland*
_____

## <u>APPELLANT'S REPLY BRIEF</u>

NATHANIEL D. JOHNSON (MD No. 14729)
Attorney for Appellant
The Employment Law Firm, LLC
3261 Old Washington Road, Suite 2020
Waldorf, Maryland 20602
301-645-9103
ndjesquire@gmail.com

OCTOBER 14, 2022

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**TERRY PROCTOR,**

*Appellant,*

v.

**CARLOS DEL TORO,**
**Secretary,**
**Department of the Navy,**

*Appellee.*

**CASE NO. 22-1673**

## APPELLANT'S REPLY BRIEF -- TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

I.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Appellee's Brief Supports Mr. Proctor's Argument
        That the District Court Abused its Discretion in Denying
        His Motion for Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    The Court Should Reject Appellee's Argument That the
        Settlement Agreement was Supported by Consideration . . . . . 9

    C.    The Waiver Extracted in the Settlement Agreement was
        Not a Knowing and Voluntary Waiver of
        Mr. Proctor's Statutory Rights . . . . . . . . . . . . . . . . . . . . . . . . 10

II.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

i

CERTIFICATE OF COMPLIANCE WITH RULE 32(a). . . . . . . . . . . . . . 15

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**TERRY PROCTOR,**

*Appellant,*

v.

**CARLOS DEL TORO,**
**Secretary,**
**Department of the Navy,**

*Appellee.*

**CASE NO. 22-1673**

## APPELLANT'S REPLY BRIEF -- TABLE OF AUTHORITIES

**STATUTES:**

29 U.S.C. §626(f)(1)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**REGULATIONS:**

5 C.F.R. §752.404 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**FEDERAL REGISTER**

85 Fed. Reg. 65940; 2020 WL 6082067 (Oct. 16, 2020) . . . . . . . . . . . . . . . . . . . . 4

**CASES:**

*Adams v. Trustees of Univ. of N.C.-Wilmington,* 640 F.3d 550
            (4th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

iii

*Bennett v. Coors Brewing Co.*, 189 F.3d 1221 (10th Cir. 1999) . . . . . . . . . . . . . . 9

*Cassiday v. Greenhorne & O'Mara, Inc.*,
   63 Fed. App'x. 169 (4th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10

*Cassiday v. Greenhorne & O'Mara, Inc.*,
   220 F. Supp.2d 481 (D. Md. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10

*Cheek v. United Healthcare of Mid-Atlantic, Inc.*,
   378 Md. 139 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Chernik v. Chernik*, 327 Md. 470 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Dave & Busters, Inc. v. White Marsh Mall, LLP*,
   616 Fed. App'x. 552 (4th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Dorn v. Gen'l. Motors Corp.*, 131 Fed. App'x. 462 (6th Cir. 2005) . . . . . . . . . . . 13

*Eckstein v. Eckstein*, 38 Md. App. 506 (1978) . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Elyassi v. Sutton*, 2020 WL 1899584 (Md. Ct. Spec. App. Apr. 16, 2020) . . . . . . 13

*Greater Balt. Cntr. for Pregnancy Concerns, Inc. v.*
   *Mayor and Cty. Counc. of Balt.*, 721 F.3d 264 (4th Cir. 2015) . . . . . . . . . . . . . 8

*Griffin v. Kraft Gen'l. Foods, Inc.*, 62 F.3d 368 (11th Cir. 1995) . . . . . . . . . . . . 10

*Haywood v. Locke*, 387 Fed. App'x. 335 (4th Cir. 2010) . . . . . . . . . . . . . . . . . . 8

*Humphries v. CBOCS West, Inc.*, 474 F.3d 387 (7th Cir. 2007) . . . . . . . . . . . . . 8

*Livingston v. Adirondack Beverage Co.*,
   141 F.3d 434 (2nd Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*McCray v. Md. Dep't. of Transp.*, 741 F.3d 480 (4th Cir. 2014) . . . . . . . . . . . . . . 8

iv

*Melanson v. Browning-Ferris Indus., Inc.*, 281 F.3d 272 (1st Cir. 2002) . . . . . . . . .10

*Mereish v. Walker*, 359 F.3d 330 (4th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Oubre v. Entergy Operations, Inc.*, 522 U.S. 422 (1998) . . . . . . . . . . . . . . . . . . . . . 9

*Shaheen v. B.F. Goodrich Co.*, 873 F.2d 105 (6th Cir. 1989) . . . . . . . . . . . . . . . . . .10

*Simko v. Graymar Co.*, 55 Md. App. 561 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Staley v. Gruenberg*, 575 Fed. App'x. 153, 156 (4th Cir. 2014) . . . . . . . . . . . . . . . .8

*Strag v. Bd. of Trustees, Craven Coll.*, 55 F.3d 943 (4th Cir. 1995) . . . . . . . . . . . . 7

*Wastak v. Lehigh Valley Hlth. Network*, 342 F.3d 281 (3rd Cir. 2003) . . . . . . . . . . 6

## **COURT RULES**

Fed. R. App. P. 28 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Fed. R. App. P. 30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. App. P. 32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 15

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

TERRY PROCTOR,

   *Appellant,*

 v.

CARLOS DEL TORO,
Secretary,
Department of the Navy,

   *Appellee.*

CASE NO. 22-1673

## APPELLANT'S REPLY BRIEF

Appellant, Terry Proctor, by and through his undersigned attorney and, pursuant to Fed. R. App. P 28, 30 and 32, submits Appellant's Reply Brief.

## I. ARGUMENT

### A. Appellee's Brief Supports Mr. Proctor's Argument That the District Court Abused its Discretion in Denying His Motion for Discovery.

In Appellee's Brief, he argues that the district court appropriately denied Mr. Proctor's motion for discovery because, even if discovery had been allowed, no material facts could have been discovered that would have altered the district court's dismissal of Mr. Proctor's complaint. Appellee's Brief, pp. 8-13. The Court should reject that contention.

Appellee parried Mr. Proctor's argument in his Opening Brief that the Settlement Agreement (JA 33-35) was void for lack of consideration by arguing that Mr. Proctor received valuable consideration for executing that document (1) by receiving pay for the month of April 2020; and (2) through the Appellee surrendering his "right" to terminate Mr. Proctor immediately. Appellee's Opening Brief, pp. 9-12.  Neither circumstance, however, was valuable consideration, and, in denying Mr. Proctor's motion for discovery, the district court abused its discretion.

Appellee relies substantially on the district court's erroneous finding that the Settlement Agreement allowed Mr. Proctor to be paid for the month of April 2020, rather than receive zero compensation.  Appellee's Brief, pp. 9-10. Yet, there is nothing in this sparse record supporting that conclusion. Certainly, no such language is contained in the Settlement Agreement itself. JA 33-35.  That document does not mention *any* consequences to Mr. Proctor for not signing it by April 1, 2020.  Rather, the Settlement Agreement cryptically states, in ¶5, that "[t]his Agreement is entered into as an alternative to proceeding with the formal disciplinary process."  JA 33. Further, in its recitation of the alleged consideration for the release contained in the Settlement Agreement (Settlement Agreement ¶6(h)), it states that "[t]he Employee, in consideration for the mutual promises contained herein, agrees that and/or to:  (a) [a]cknowledges that he could have elected to proceed with the formal disciplinary process rather than electing this alternative."  Settlement Agreement, ¶6(a) (JA 33).

2

Nowhere in the Settlement Agreement does it state that Mr. Proctor faced *immediate termination* if he did not sign the Settlement Agreement by April 1, 2020.  Further, that language does not describe what is meant by Mr. Proctor's election "to proceed with the formal disciplinary process," or what comprised "the alternative."  Despite that vague language, Appellee asks this Court to make the leap to *assuming* that it means that Mr. Proctor faced immediate termination on April 1, 2020, if he did not sign the Settlement Agreement by that date.  That result is not supported by the language contained in the Settlement Agreement.

Appellee speculates, again, contrary to the specific terms of the Settlement Agreement, that "[h]ad Appellant refused to sign the Settlement Agreement, the Navy had the right to terminate him immediately, in which case, Appellant would have received $0 in salary from the Navy." Appellee's Brief, p. 10.  It relied on 5 U.S.C. §752.404(g) for the proposition that, following the running of the 30-day window for an employee to respond to a notice of proposed removal (5 U.S.C. §752.404(c)), an agency can terminate a federal employee any time thereafter.

That regulation contains no such language.  It also provides that, "[t]o the extent practicable, an agency should issue the decision on a proposed removal under this subpart *within 15 business days* of the conclusion of the employee's opportunity to

respond under paragraph (c) of this section. (emphasis        added)"[1] Surely, if

Mr. Proctor was a "subpar" or "unfit" employee, Appellee would not have let the

notice of proposed removal languish for 12 months.

Here, Appellee never acted on the March 25, 2019, Proposed Removal From

Federal Service ("Proposed Removal") (JA 21-32).  More than a year had elapsed

from when Mr. Proctor received the Proposed Removal until he signed the

Settlement Agreement on April 1, 2020.  No clarifications to Mr. Proctor's response

were sought by the Appellee and the Proposed Removal appeared to be a dead letter.

Yet, despite the failure to reference any decision on removal in the Settlement

Agreement or even to issue a decision on removal, Appellee blithely asserts that Mr.

Proctor could have been terminated immediately, without notice.

That position is refuted by OPM's insistence that decisions on removal be acted

on with alacrity, within 15 days, where practicable. Final Rule, p. 41.  Nowhere in

the Final Rule or in the language of §752.404(g) is it countenanced that an agency

would wait over a year to remove a subpar or unfit employee.  Such a result is far

---

[1] In a Final Rule, issued by the Office of Personnel Management ("OPM") on October 16, 2020, implementing amendments to §752.404, OPM noted that "[t]he regulatory amendment states that agencies are to issue decisions on proposed removals within 15 business days, to the extent practicable. The purpose of this change is to facilitate an agency's ability to resolve adverse actions in a timely manner. To the extent an agency fails to exercise its authority to act promptly, the agency risks retaining a subpar or unfit employee longer than necessary." 85 Fe3d. Reg. 65940, p. 41 (Oct. 16, 2020); 2020 WL 6082067.

4

beyond the regulation's language and its underlying intent.  Appellee's inexplicable inaction defies the language of the regulation and OPM's injunction to take speedy action on proposals to remove.

Appellee's (and the district court's) reliance on non-existent language in the Settlement Agreement should be rejected.  Further, that exercise only amplifies the district court's error in denying Mr. Proctor's motion for discovery.  There, Mr. Proctor sought discovery relating to March 25, 2019, Proposed Removal, the phantom decision on removal, the Settlement Agreement and its presentation to him by management officials. Rule 56(d) Declaration of Terry Proctor, ¶¶2(c)-(h) (JA 129-30).

In the Settlement Agreement, Appellee never promised to forebear from anything.  It never asserted the right, as erroneously urged by Appellee, to terminate Mr. Proctor immediately.  Nor did it promise to forebear from doing so.  Mr. Proctor, in ¶6(a) (electing not to proceed with the formal disciplinary process), did not surrender anything other than what he already had done. Mr. Proctor already had participated in the formal disciplinary process, when, on April 25, 2019, he submitted his response to the Proposed Removal. JA 109-12.  There was nothing more that Mr. Proctor could do to "participate" in the formal disciplinary process. When Appellee presented the Settlement Agreement to Mr. Proctor, eleven months after receiving his April 2019 response, Appellee still had not shaken its lassitude

and made a decision on the Proposed Removal.[2] Mr. Proctor received no benefit from foregoing "participation" in the formal disciplinary process since he already had participated in that process.

The authorities relied upon by Appellee, Appellee's Brief, p. 10, are distinguishable and unpersuasive. *Wastak v. Lehigh Valley Hlth. Network*, 342 F.3d 281, 294 (3rd Cir. 2003) provides a pithy quote, but it is inapt. In *Wastak*, the court noted that the appellant received considerable financial benefits beyond what he was otherwise entitled to upon termination -- free use of an outplacement firm and thirty-six weeks of income protection. Of course, no similar emoluments were bestowed on Mr. Proctor. Rather, he received the "privilege" of continuing working for a month exactly as he had been doing as he was waiting the decision on removal that never came. Nor is *Chernik v. Chernik*, 327 Md. 470, 479-80 (1992) persuasive. There, in a domestic controversy, the husband, in exchange for his wife's promise not to pursue her right to alimony awarded in a divorce decree, sought and obtained a reservation of alimony, a valuable benefit to him under Maryland law.

---

[2] As stressed in Appellant's Opening Brief, pp. 20-21, that lassitude is best explained by the fact that the "formal disciplinary process" was a sham kangaroo court with Lt. Commander William Moiles, who was charged with discrimination in Mr. Proctor's EEO complaint, serving as the prosecutor in seeking Mr. Proctor's removal and the biased judge considering Mr. Proctor's appeal from the Proposed Removal. JA 27, 88-90, 118-20.

Try as Appellee might, the Settlement Agreement is silent regarding any alleged right to immediately terminate Mr. Proctor. The evanescent "promise" not to terminate Mr. Proctor was nothing more than an illusory promise, that did not actually bind or obligate Appellee. It was not valid consideration for the Settlement Agreement. *Cheek v. United Healthcare of Mid-Atl., Inc.*, 835 A.2d 656, 661 (Md. 2003).

The district court erred in denying Mr. Proctor's motion to discovery to enable him to obtain materials necessary to oppose Appellee's dispositive motion. The information sought regarding Appellee's inexplicable delay in acting on the Proposed Removal, including facts surrounding Lt. Commander Moiles' inappropriate role in both prosecuting and determining, *vel non*, the Proposed Removal are central to establishing the consideration issue. Contrary to Appellee's contentions, the discovery sought cuts to the heart of the consideration issue. That point was made compellingly in Mr. Proctor's motion for discovery and in ¶¶3-4 of his Rule 56(d) Declaration. JA 131-32. That Declaration, with articulated specific need for discovery, stands in stark contrast to *Strag v. Bd. of Trustees, Craven Coll.*, 55 F.3d 943, 954 (4th Cir. 1995) and its progeny. In *Strag*, the plaintiff had scheduled depositions two days after her response to a motion for summary judgment was due. The *Strag* panel found that, even if the district court had permitted those depositions to proceed, the plaintiff had failed to identify how those depositions would have

7

elicited any facts that would create an issue of material fact. *Id*. In contrast, that showing has been made by Mr. Proctor. The facts sought in discovery are probative, *inter alia*, of the issue of consideration, including establishing whether the asserted "right to terminate" Mr. Proctor ever was considered or discussed by Appellee's managers and any reason why the Proposed Removal never was acted upon, as well as the other "consideration" recited in ¶6 of the Settlement Agreement.[3]

The Court consequently should find that the district court abused its discretion and required Mr. Proctor to enter a fencing match without a sword or mask. *McCray v. Md. Dep't. of Transp.*, 741 F.3d 480, 483-84 (4th Cir. 2014). *See Dave & Busters, Inc. v. White Marsh Mall, LLP*, 616 Fed. Appx. 552, 561 (4th Cir. 2015); *Staley v. Gruenberg*, 575 Fed. App'x. 153, 156 (4th Cir. 2014); *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & Cty. Coun. of Balt.*, 721 F.3d 264, 282 (4th Cir. 2013); *Adams v. Trustees of the Univ. of North Carolina-Wilmington*, 640 F.3d 550, 560 (4th Cir. 2011); *Haywood v. Locke*, 387 Fed. App'x. 355, 359 (4th Cir. 2010); *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 405 (7th Cir. 2007); *Mereish v. Walker*, 359 F.3d 330, 336 (4th Cir. 2004).

---

[3] Contrary to Appellee's contention, Appellee's Opening Brief, p. 12, *Cassiday v. Greenhorne & O'Mara, Inc.*, 220 F. Supp.2d 488, 493, *aff'd.*, 63 Fed. App'x. 169 (4th Cir. 2003) (per curiam) does not compel affirmance of the district court's decision, since the 7-factor "totality of circumstances" test applicable to determining the voluntariness of a waiver demonstrates that Mr. Proctor has raised substantial issues regarding those factors, especially factor 7 – the alleged waiver's consideration.

**B.** **The Court Should Reject Appellee's Argument That the Settlement Agreement was Supported by Consideration.**

In §II of Appellee's Opening Brief, pp. 13-14, Appellee renews its argument that the Settlement Agreement is not supported by consideration. That argument has been opposed in §I.A., *supra*. Appellee continues to persist, however, despite the absence of assertion of such right in the Settlement Agreement, that it had the unrestricted right to terminate Mr. Proctor. Again, there is nothing in the four corners of that document that memorializes any alleged right by Appellee to terminate Mr. Proctor immediately.

Regarding the other alleged "consideration" contained in ¶6 of the Settlement Agreement, as described fully in Appellant's Opening Brief, pp. 20-24, Mr. Proctor neither surrendered nor gained anything of value other than what he already was entitled to receive. The Settlement Agreement was void and unenforceable. 29 U.S.C. §626(f)(1)(D); *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 426-28 (1998) ("[T]he statutory command is clear, an employee 'may not waive' an ADEA claim unless the waiver or release satisfies the OWBPA's requirements."); *Cassiday v. Greenhorne & O'Mara, Inc.*, 220 F. Supp.2d at 491.

**C. The Waiver Extracted in the Settlement Agreement was Not a Knowing and Voluntary Waiver of Mr. Proctor's Statutory Rights.**

Contrary to Appellee's contentions in Appellee's Opening Brief, Appellee's Opening Brief, pp. 15-20, the waiver contained in the Settlement Agreement was not a knowing and voluntary waiver of Mr. Proctor's rights under Title VII and the ADEA.

In determining whether the waiver was knowing and voluntary, the Court should consider the seven-factor "totality of circumstances"[4] test described in *Cassiday v. Greenhorne & O'Mara, Inc.*, 220 F. Supp.2d at 493. In making its "totality of circumstances" findings, the Court should also consider circumstances, such as fraud, duress, lack of consideration or mutual mistake. *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1229 (10th Cir. 1999); *Griffin v. Kraft Gen'l. Foods, Inc.*, 62 F.3d 368, 373-74 (11th Cir. 1995); *Shaheen v. B.F. Goodrich Co.*, 873 F.2d 105, 107 (6th Cir. 1989).

---

[4] "This standard has been held to comprehend (1) the employee's education and business experience; (2) the respective roles of the employer and employee in determining the terms and conditions of the waiver; (3) the clarity of the agreement; (4) the time the employee had to study the agreement; (5) whether the employee had the advice of counsel; (6) whether the employer encouraged the employee to seek the advice of counsel and whether the employee had sufficient time to do so; and (7) the waiver's consideration. *Id*. *[Melanson v. Browning-Ferris Indus., Inc.*, 281 F.3d 272 (1st Cir. 2002)]* at 276 n.4; *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 438 (2d Cir. 1998). This list of factors is non-exclusive and no single factor is a *sine qua non*. *Melanson*, 281 F.3d at 276." *Cassiday v. Greenhorne & O'Mara, Inc.*, 220 F. Supp.2d at 493.

As has been stressed above, because the Settlement Agreement was void for lack of consideration and the waiver provision similarly was unenforceable, the Court need not engage any "totality of circumstances" analysis. Were the Court, nevertheless, determine to do so, it should find that Mr. Procter did not knowingly and voluntarily waive his rights under Title VII and the ADEA.

First, for the reasons described above (§I.A.) and in Appellant's Opening Brief, pp. 20-24, the waiver was not supported by consideration.

Other totality of circumstances factors also weigh in Mr. Proctor's favor. At the March 2020 meeting, Mr. Proctor's managers' obtuse discussion of the Settlement Agreement, demanding that Mr. Proctor sign the Settlement Agreement and immediately begin processing his retirement papers, or else, reflects that the Settlement Agreement was little more than a classic "contract of adhesion," supporting a finding that Factor 2 (the respective roles of the employer and employee in determining the terms and conditions of the waiver) weighs in Mr. Proctor's favor.

Appellee's principal argument supporting the enforceability of the waiver surrounds the fact that Mr. Proctor had engaged counsel during the brief time that Mr. Proctor was given to consider the Settlement Agreement. The correspondence from Mr. Proctor's counsel, however, noted only that he represented Mr. Proctor and is silent regarding the Settlement Agreement. JA 36, 59-60.

11

Finally, as Mr. Proctor described in his Complaint (Complaint, ¶¶31-33, JA 11) and his declaration in support of his opposition to Appellee's dispositive motion (Declaration of Terry Proctor, ¶¶26-27, JA 99), in March 2020, when the Settlement Agreement was given to him, Mr. Proctor was intimidated and harassed by Lt. Commander Moiles, who demanded that he immediately sign that document, or face immediate termination, even though Mr. Proctor never was shown a decision on removal at that, or any other meeting with management.[5]  That threat of discharge, without any decision on removal, comprised duress and was sufficient to leave Mr. Proctor bereft of mind, overcoming his free will. *Simko v. Graymar Co.*, 55 Md. App. 561, 568 (1983) ("[U]nder appropriate circumstances the threat of discharge to induce an employee to sign a restrictive covenant may constitute duress."). The determination of whether the person was sufficiently bereft of mind essential to the making of a contract is a factual determination, inappropriate for resolution in a motion to dismiss. *Id*. See *Eckstein v. Eckstein*, 38 Md. App. 506, 512 (1978) ("In order to establish duress, there must be a wrongful act which deprives an individual of the exercise of [her] free will."). The *Eckstein* panel noted that "three elements are common to all situations where duress has been found to exist: '1) that one side

---

[5] Contrary to Appellee's assertion, Appellee's Opening Brief, pp. 19, the record does contain the evidence described above regarding the intimidation that Mr. Proctor endured, with management officials using the Settlement Agreement and the cudgel of the non-existent decision on removal to overcome Mr. Proctor's free will.

involuntarily accepted the terms of another; 2) that circumstances prevented no other alternative; and 3) that the circumstances were the result of the coercive acts of the other party.'" *Eckstein v. Eckstein*, 38 Md. App. at 521; *see Elyassi v. Sutton*, 2020 WL 1899584, *8 (Md. Ct. Spec. App. Apr. 16, 2020). Application of those factors warrants a duress finding in this case. When Mr. Proctor involuntarily accepted the terms of the Settlement Agreement, there was no other alternative and those circumstances were wrought by Appellee's managers' abusive treatment at the meeting where the Settlement Agreement was given to Mr. Proctor. JA 11, 99.

That duress suffered by Mr. Proctor is different than mere economic duress flowing from the loss of a job. *Dorn v. Gen'l. Motors Corp.*, 131 F.3d 462, 468 (6th Cir. 2005), relied upon by Appellee, is distinguishable since the only "duress" suffered by the appellant was the economic loss of a severance package. There was no evidence of abusive conduct, such as is alleged in Mr. Proctor's Complaint.

The totality of circumstances demonstrate clearly that Mr. Proctor was presented with an intimidating "Hobson's Choice" in the Settlement Agreement, depriving him of a meaningful choice. The Court should find that the waiver embodied in the ¶6.h of the Agreement [JA 114] is invalid since it was not a knowing and voluntary waiver of Mr. Proctor's ADEA and Title VII rights.

## II.    <u>**CONCLUSION**</u>

For all the foregoing reasons, as well as those described in Appellant's Opening Brief, Mr. Proctor respectfully requests that the Court enter an Order reversing the District Court's order denying Mr. Proctor's motion for discovery and dismissing Mr. Proctor's complaint.

DATED:  OCTOBER 14, 2022.

Respectfully submitted,

_____/s/_____
Nathaniel D. Johnson (MD#14729)
Attorney for Appellant
The Employment Law Firm, LLC
3261 Old Washington Road, Suite 2020
Waldorf, Maryland 20602
(301) 645-9103 (Phone)/ndjesquire@gmail.com

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**TERRY PROCTOR,**

     *Appellant,*

    v.

**CARLOS DEL TORO,**
**Secretary,**
**Department of the Navy,**

     *Appellee.*

**CASE NO. 22-1673**

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32

Appellant, by and through his undersigned attorney, pursuant to Fed. R. App. P. 32(a) hereby certifies that Appellant's Reply Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and (7) because this brief has been prepared in proportionally spaced typeface using Word 2016 in 14-point font, Times New Roman type style.  It contains 3,105 words.

DATED:  OCTOBER 14, 2022.

       Respectfully submitted,

       Nathaniel D. Johnson (MD#14729)
       Attorney for Appellant

15

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**TERRY PROCTOR,**

*Appellant,*

v.

**CARLOS DEL TORO,**
**Secretary,**
**Department of the Navy,**

*Appellee.*

**CASE NO. 22-1673**

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing Appellant's Opening Brief, including the Certificate of Compliance with Fed. R. App. P. 32, was served this 14th day of October 2022 upon the counsel of record named below by electronic transmission through the Court's ECF document filing system:

Matthew A. Haven, Esq.
Assistant United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201

_____
Nathaniel D. Johnson